FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 DEC 14 AM 4: 11
CLERK'S OFFICE
AT BALTIMORE
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHYSICIAN SPECIALTY PHARMACY, LLC    *

v.    *    Civil No. CCB-18-3497

EPIC PHARMACY NETWORK, INC.    *

\*\*\*\*\*

## MEMORANDUM and ORDER

Various pending motions have been renewed and discussed with counsel by conference call. My rulings follow.

The motion by Epic Pharmacy Network, Inc. ("Epic") to strike the bond (ECF No. 18) will be **Denied**. First, it is permissible for the bond to identify the court as the entity to which the surety Hartford Fire Insurance Co. ("Hartford") is bound. If the court determines that the defendant Epic sustains damages as the result of the injunctive relief, and if the plaintiff Physician Specialty Pharmacy, LLC ("PSP") does not pay those damages, the court will direct that the amount of damages (up to $600,000.00) will be paid by Hartford to Epic.

Second, the unsigned section of the bond papers filed as ECF No. 19 with the incorrect reference to Pensacola County is of no significance, as the bond is signed by an authorized representative of PSP (its attorney) and by Hartford's attorney-in-fact, Daniel Ruggeri, as shown by the separate and complete Power of Attorney authorizing him to act on behalf of Hartford. That Power of Attorney refers to the specific bond number on the Injunction Bond and, like the bond, identifies PSP as the principal and the court as the obligee.[1]

Further, the plaintiff's motion for leave to file a sur-reply (ECF No. 22) will be **Granted**.

---

[1] It is clearly the same court (this one) that is referred to as "US District Court for the District of Maryland" in the Bond and "District of Maryland Norther [sic] Division" in the Power of Attorney.

PSP is entitled to receive, pursuant to the TRO (ECF No. 11), the full amount of $600,000.00. The purpose of the bond was to cover payment of an amount that Epic disputes it owes PSP. The bond was not intended to cover payments made voluntarily, before the bond posted, presumably because Epic believed PSP was entitled to its regular stream of payments after Epic had withheld the disputed $812,000.00. Epic now disputes that the $396,107.02 payment was made voluntarily, arguing that it was released to PSP as a result of an inadvertent oversight, but the court cannot pass on that at this time. The $396,107.02 is not to be credited against the bond amount. The $230,953.06 that Epic released to PSP on December 12, 2018, will, however, be credited towards the bond amount.

Accordingly, it is hereby Ordered that:

1. the motion to strike (ECF No. 18) is **Denied**;

2. the motion to file sur-reply (ECF No. 22) is **Granted**;

3. Epic shall release funds to PSP in the amount of $369,046.94 by close of business on Monday, December 17, 2018; and

4. Epic shall promptly provide evidence to the court that the funds were released.

12/14/18
Date

_____
Catherine C. Blake
United States District Judge

2